UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURTIS SILVA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:23-cv-00586-JMS-MJD |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
and Directing Entry of Final Judgment**

Petitioner Curtis Silva filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 while he was serving a federal sentence at the Federal Correctional Institution in Terre Haute, Indiana. For the reasons explained below, Mr. Silva is not entitled to relief, and his petition is **denied**.[1]

**I. Legal Standard**

The Attorney General, through the BOP, is responsible for administering a federal prisoner's sentence, including the computation of sentence credit. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019). An inmate can challenge the calculation of his sentence, including time credits, in a § 2241 petition. *Setser v.*

---

[1] According to the BOP's website, Mr. Silva has since been released from FCI Terre Haute and is currently under the supervision of the Residential Reentry Management Office in New York ("RRM New York"). *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Nov. 21, 2024). Because there still may be some collateral consequence associated with the BOP's alleged failure to properly apply Mr. Silva's time credits, the Court addresses the merits of his petition. *See Pope v. Perdue*, 889 F.3d 410, 414–15 (7th Cir. 2018) (discussing collateral consequences after release to supervised release that may keep a § 2241 petition from being moot after petitioner is released from prison). In addition, the Court notes that Mr. Silva has not updated his address with the Court. The Court will, therefore, send this Order to the only address the Court has that might result in Mr. Silva receiving the Order—the address for RRM New York.

*United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). But a prisoner has "no constitutional or inherent right" in being released before the completion of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). If a relevant statute places no "substantive limitations on official discretion" in granting an early release from a valid sentence, no constitutionally protected liberty interest is implicated. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

## II. Discussion

Mr. Silva was serving a federal sentence when he filed his habeas petition. He challenged the BOP's failure to apply certain FSA time credits that he had earned, arguing that the BOP miscalculated his criminal history score, which in turn resulted in the BOP's failure to apply the FSA time credits. Dkt. 1. Respondent objected that the BOP has now fixed Mr. Silva's criminal history score, but he is still not eligible to have his FSA time credits applied. Dkt. 12. Mr. Silva filed a supplement in which he conceded that he was not eligible to have his FSA time credits applied but asked the Court to order that he be transferred to supervised release or prerelease custody because he had served 75% of his sentence, had not been disciplined for more than five years, and was now a productive citizen. Dkt. 13.

Under the FSA, inmates convicted of certain offenses may earn credit toward their sentences by completing programming and other productive activities. *See* 18 U.S.C. § 3632(d). Such earned credits may be applied to early transfer to supervised release or to prerelease custody (such as a halfway house or residential reentry center), but only under certain circumstances. 18 U.S.C. § 3624(g).

Specifically, even when an inmate has *earned* FSA time credits, the FSA's language is clear that those credits cannot be *applied* toward a sentence unless the inmate has, among other things,

"demonstrated a recidivism risk reduction or maintained a minimum or low recidivism risk." 18 U.S.C. § 3624(g)(1)(A)-(B). Inmates who do not have a minimum or low recidivism risk are not eligible to have credits applied for early transfer to supervised release. 18 U.S.C. § 3624(g)(1)(D)(ii). If they can demonstrate a recidivism risk reduction, they may be able to have the credits applied toward prerelease custody, but only if they successfully petition their warden and the warden determines that they would not be a danger to society if transferred to prerelease custody, have made a good-faith effort to lower their recidivism risk, and are unlikely to recidivate. 18 U.S.C. § 3624(g). *Id.* § 3624(g)(1)(D)(i)(II); *see also* 28 C.F.R. § 523.44(c).

At the time Mr. Silva filed his petition, the BOP considered his recidivism risk to be medium. Dkt. 1. He thought that was a mistake that resulted from an error in his criminal history score, which the BOP refused to fix. *Id.* In its response to Mr. Silva's petition, Respondent submitted evidence showing that the BOP had now fixed Mr. Silva's criminal history score and recalculated his recidivism risk based on that updated score. Dkt. 12-1. Respondent argues that Mr. Silva's recalculated recidivism risk level was still medium and that his petition should be denied because he had not identified any other error with the BOP's decision not to apply his FSA time credits. Dkt. 12.

The Court agrees with Respondent. Even after the BOP fixed Mr. Silva's criminal history score and recalculated his recidivism risk, he still did not move to a low or minimum risk level. Mr. Silva does not identify any error in the BOP's updated recidivism calculation. Accordingly, he is statutorily ineligible to have his FSA credits applied toward early transfer to supervised release. The Court commends Mr. Silva for his efforts at rehabilitation and his excellent conduct record, but he has not shown that the BOP violated the law by refusing to transfer him to supervised release early, and he provides no legal authority for his request that the Court order such a transfer.

As to his request for immediate transfer to prerelease custody, Mr. Silva's supplemental filing concedes that his medium recidivism risk level prevents him from having his FSA time credits applied.[2] Dkt. 13. Nonetheless, he asks the Court to order his transfer to prerelease custody based on his record in prison. Again, the Court commends Mr. Silva for his excellent record, but he has not shown that the BOP violated the law by refusing to apply his FSA time credits toward prerelease custody or identified any legal authority supporting his request.

### III. Conclusion

Because Mr. Silva has not shown that BOP violated the law when it refused to apply his earned FSA time credits toward early transfer to supervised release or prerelease custody, he is not entitled to relief. Accordingly, his habeas petition under § 2241 is **dismissed with prejudice.**

The **clerk is directed** to update Mr. Silva's address consistent with the Distribution, below.

Final judgment will issue by separate entry.

**SO ORDERED**.

Date:  11/22/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] The Court notes a nuance that Mr. Silva does not specifically address. Under the statute, he could have his FSA time credits applied toward prerelease custody if he successfully petitioned his warden and his warden made certain findings. *See* 18 U.S.C. § 3624(g). However, it appears that he did petition his warden, and the warden rejected his petition because he has prior convictions for violent crimes, has several instances of probation violations and supervision revocations, and has not completed any residential recidivism-risk programs. *See* dkt. 1-1 at 36. He identifies no error in the warden's reasoning, nor does he provide any argument suggesting that the warden's rejection of his petition violated the law, thereby waiving any argument as to that point. *See M.G. Skinner & Associates Ins. Agency, Inc. v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017); *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018) ("It is not the obligation of the court to research and construct the legal arguments open to parties . . . .") (internal quotation omitted).

Distribution:

CURTIS SILVA
99574-038
RRM New York
Residential Reentry Management Field Office
201 Varick Street, Room 849
New York, NY 10014

Jeffrey D. Preston
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jeffrey.preston@usdoj.gov